UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS OUDEKERK,

                        Plaintiff,

    v.                                                           1:24-cv-0311 (AMN/TWD)

NICHOLAS LEHOISKY,

                        Defendants.

---

**APPEARANCES:**

**NICHOLAS OUDEKERK**
I.D. No.: 15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.    INTRODUCTION

On March 4, 2024, Plaintiff *pro se* Nicholas Oudekerk commenced this action pursuant 42 U.S.C. § 1983 ("Section 1983") against Defendant Glens Falls Police Officer Nicholas Lehoisky pertaining to wrongdoing that allegedly occurred during Plaintiff's arrest on October 20, 2023. *See* Dkt. No. 1 ("Complaint").

Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on April 19, 2024, granted Plaintiff's application to proceed IFP, and recommended that (i) Plaintiff's Fourth Amendment false arrest and false imprisonment claim against Defendant survives initial review and requires a response; and (ii)

Plaintiff's remaining claims against Defendant be dismissed with leave to amend.  *See* Dkt. No. 5 at 13 ("Report-Recommendation").[1]  Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 14-15.  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289,

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks construed the facts in the Complaint as alleging the following claims against Defendant pursuant to Section 1983:  (i) a Fourth Amendment false arrest and false imprisonment claim; (ii) a Fourth Amendment malicious prosecution claim; (iii) a First Amendment retaliation claim; (iv) an Eighth Amendment cruel and unusual punishment claim pursuant; and (v) a Fourteenth Amendment due process claim.  *See* Dkt. No. 5 at 5.[2]  "Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed," Magistrate Judge Dancks recommended that the false arrest and false imprisonment claim pursuant to the Fourth Amendment survives initial review and requires a response.  *Id.* at 8, 13 (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).[3]

Regarding Plaintiff's Fourth Amendment malicious prosecution claim, Magistrate Judge

---

[2] For a complete recitation of the facts, the parties are referred to the Complaint and Report-Recommendation.  *See* Dkt. No. 1 at 5-8; Dkt. No. 5 at 4-5 (summarizing the Complaint).

[3] As noted in the Report-Recommendation, "[o]nly the events occurring pre-arraignment are properly considered as part of Plaintiff's false arrest/false imprisonment claim[.]"  Dkt. No. 5 at 8 n.6 (citing *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007)).  Accordingly, unless Plaintiff amends his Complaint, he may only seek damages for events that occurred from the "time of detention up until issuance of process or arraignment[.]"  *Id.*

3

Dancks concluded that because "Plaintiff [] failed to allege a favorable termination" of his criminal prosecution, such claim should be dismissed for failure to state a claim. *Id.* at 9 (citing *Thompson v. Clark*, 596 U.S. 36, 39 (2022)). Regarding Plaintiff's First Amendment retaliation claim, Magistrate Judge Dancks recommended that such claim be dismissed because Plaintiff failed to "plead facts related to how Defendant became aware of [another lawsuit filed by Plaintiff, which Plaintiff alleges is protected speech] or any connection between Defendant and the lawsuit," such that the Court could not "infer a causal connection between the alleged adverse action and protected conduct." *Id.* at 10 (citing *Guillory v. Haywood*, No. 13-CV-1564 (MAD/TWD), 2015 WL 268933, at *23 (N.D.N.Y. Jan. 21, 2015)).[4] Regarding Plaintiff's Eighth Amendment cruel and unusual punishment claim, Magistrate Judge Dancks concluded that such claim should be dismissed because protections afforded by the Eighth Amendment "'do not apply to the conduct of police officers in connection with the investigation and arrest of suspects prior to conviction and sentencing.'" *Id.* at 10-11 (quoting *Spicer v. Burden*, 564 F. Supp. 3d 22, 31 (D. Conn. 2021)). Regarding Plaintiff's Fourteenth Amendment due process claim, Magistrate Judge Dancks recommended that—regardless of whether Plaintiff's claim was procedural or substantive—it was "duplicative of [Plaintiff's] other claims that are explicitly covered by the Fourth Amendment," warranting dismissal. *Id.* at 11-12 (citing *Perry v. Kozuch*, No. 14-cv-1026, 2017 WL 1025663, at *6 (D. Conn. Mar. 16, 2017)).[5]

---

[4] Plaintiff currently has four other actions pending in this District. *See Oudekerk v. Glens Falls PD Officer Doe 1*, No. 23-cv-0288 (BKS/TWD) (N.D.N.Y. filed Mar. 3, 2023); *Oudekerk v. Doe #1*, No. 24-cv-0113 (DNH/MJK) (N.D.N.Y. filed Jan. 23, 2024); *Oudekerk v. Thomas*, No. 24-cv-0109 (AMN/TWD) (N.D.N.Y. filed Jan. 23, 2024); and *Oudekerk v. Canale*, No. 24-cv-0408 (LEK/DJS) (N.D.N.Y. filed Mar. 25, 2024).

[5] The Court notes that Magistrate Judge Dancks additionally concluded that any substantive due process claim alleged in the Complaint fails because "Plaintiff's allegations do not plausibly state Defendant's conduct 'shocks the conscience' so as to rise to the level of a violation of his

Finally, Plaintiff's Complaint names Defendant in his "official/individual" capacities. Dkt. No. 1 at 1.  Regarding claims brought against Defendant in his "official" capacity as a Police Officer with the Glens Falls Police Department, Magistrate Judge Dancks concluded that "such claims are, in effect, claims against the City of Glens Falls."  Dkt. No. 5 at 6 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978)).  Since the Complaint contains "no indication that Plaintiff can assert a policy or custom which would support municipal liability," Magistrate Judge Dancks recommended any "official capacity" claims brought against Defendant be dismissed.  *Id.* at 7 (citing *Flagg v. NYS Division of Parole*, No. 5:19-CV-0886 (TJM/ATB), 2019 WL 5002215, at *5 (N.D.N.Y. Aug. 15, 2019)).

The Court agrees with Magistrate Judge Dancks' recommendations for the reasons set forth in the Report-Recommendation.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Fourth Amendment false arrest and false imprisonment claim in the Complaint, Dkt. No. 1, **SURVIVES initial review and requires a response**; and the Court further

---

substantive due process rights."  Dkt. No. 5 at 12 n.8 (citing, *inter alia*, *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

5

**ORDERS** that Plaintiff's remaining claims be **DISMISSED without prejudice and with leave to amend**;[6] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that if Plaintiff files an amended complaint within the time permitted, the amended complaint is referred to Magistrate Judge Dancks for further review; and the Court further

**ORDERS** that if Plaintiff does not file an amended complaint, the case is returned to Magistrate Judge Dancks for any orders relating to service; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[7]

**IT IS SO ORDERED.**

Dated: July 12, 2024
Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[6] As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 5 at 12 n.9.

[7] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.