UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS OUDEKERK,

                Plaintiff,

v.                                                1:24-cv-00311 (AMN/TWD)

NICHOLAS LEHOISKY,

                Defendant.

---

**APPEARANCES:**                               **OF COUNSEL:**

**NICHOLAS OUDEKERK**
I.D. No.: 15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845
Plaintiff *pro se*

**MURPHY BURNS GROUDINE LLP**       **THOMAS K. MURPHY, ESQ.**
407 Albany Shaker Road
Loudonville, New York 12211
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION & ORDER

### I. INTRODUCTION

On March 4, 2024, Plaintiff *pro se* Nicholas Oudekerk commenced this action pursuant 42 U.S.C. § 1983 ("Section 1983") against Defendant Glens Falls Police Officer Nicholas Lehoisky pertaining to alleged wrongdoing that occurred during Plaintiff's arrest on October 20, 2023. *See* Dkt. No. 1 ("Complaint"). On April 16, 2025, Defendant filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 22 ("Motion"). On May 8, 2025, Plaintiff opposed the Motion and simultaneously cross-moved for default judgment. *See* Dkt. No. 25

("Cross-Motion").  Defendant filed a reply in support of the Motion and opposed the Cross-Motion on May 13, 2025.  *See* Dkt. No. 26 ("Reply").  Accordingly, the Motion and Cross-Motion are now ripe for adjudication.

For the reasons set forth below, Defendant's Motion is granted and Plaintiff's Cross-Motion is denied.

## II. BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021), or are otherwise matters of public record.  *See Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A. The Complaint

The Court previously detailed the allegations in the Complaint and incorporates that detail by reference.  *See* Dkt. No. 5 at 4-5.[1]  In summary, Plaintiff asserts allegations related to his arrest on October 20, 2023.  Plaintiff claims that Defendant falsely arrested him for burglary in the second degree, criminal contempt in the first degree, and aggravated family offense in the first degree by entering a building in violation of an order of protection, *see* Dkt. No. 1 at 5-6, and as a result, Plaintiff was unlawfully incarcerated at the Warren County Jail for more than five months.  *Id.* at 7.  Plaintiff further alleges that he was falsely arrested and imprisoned because the order of protection at issue was expired, as it was put in place over eight years ago, and Plaintiff did not enter the building unlawfully because the sole resident gave him the security code to enter through

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

the front door.  *Id.* at 5-6.  According to Plaintiff, Defendant falsely arrested and imprisoned him in retaliation for a prior lawsuit Plaintiff filed against other Glens Falls police officers.  *Id.* at 8 (citing *Oudekerk v. Glens Falls PD Officer Doe 1 et al.*, No. 23-cv-00288 (N.D.N.Y.) ("*Oudekerk I*")).

### B. Procedural History

Plaintiff commenced this action on March 4, 2024.  Dkt. No. 1.  On April 19, 2024, United States Magistrate Judge Thérèse Wiley Dancks conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e).  Dkt. No. 5 ("Report-Recommendation").  Magistrate Judge Dancks recommended that (i) Plaintiff's Fourth Amendment false arrest and false imprisonment claim against Defendant survives initial review; and (ii) Plaintiff's remaining claims against Defendant be dismissed with leave to amend.  *See id.* at 13.  On July 12, 2024, the Court adopted the Report-Recommendation in its entirety.  Dkt. No. 8 at 5.

### C. The Motion and Cross-Motion

In the Motion, Defendant argues that the Complaint should be dismissed in its entirety because Plaintiff's guilty plea and his waiver of the right to appeal in the underlying criminal prosecution bars his claim for false arrest and imprisonment under the Fourth Amendment.  *See* Dkt No. 22-6 at 10-11.  Specifically, Defendant contends that (i) Plaintiff was arrested and charged with violating an order of protection; (ii) Plaintiff subsequently plead guilty to violating that order of protection; (iii) Plaintiff was sentenced to and served a period of incarceration; and (iv) Plaintiff's conviction has not been overturned.  *Id.* at 6-7, 11.

In opposition to the Motion, Plaintiff cross-moves for default judgment.  *See* Dkt. No. 25.  Specifically, Plaintiff contends that he is entitled to a default judgment because Defendant failed to address his claim that the order of protection expired prior to the date of his arrest and construes

3

such failure as an admission by Defendant that Plaintiff was falsely arrested and imprisoned. Dkt. No. 25 at 5-7.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  This presumption, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers*, 282 F.3d at 152-53).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted).  Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and present claims that are "plausible on [their] face."  *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however

true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.   DISCUSSION

### A. Defendant's Motion

#### i.   Judicial Notice

On a motion to dismiss, a court "may review only a narrow universe of materials," which includes "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, . . . matters of which judicial notice may be taken," and "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless integral to the complaint." *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016) (internal quotations and citation omitted).

Here, Defendant requests that the Court take judicial notice of public records relating to Plaintiff's underlying arrest, prosecution, and conviction, as well as Plaintiff's sworn testimony in a separate federal suit referenced by Plaintiff in his Complaint and in this Court's Report-Recommendation. *See* Dkt. No 22-6 at 8 (citing Dkt. No. 1 at 8 and Dkt. No. 5 at 5). Specifically, Defendant requests that the Court take judicial notice of (i) felony complaints accusing Plaintiff of

5

violating the order of protection on October 20, 2023; (ii) the Order of Protection issued by Washington County Court; (iii) the Certificate of Disposition issued by Glens Falls City Court; (iv) an excerpt of sworn testimony Plaintiff provided in *Oudekerk I*; and (v) the order and decision by Glens Falls City Court denying Plaintiff's motion to withdraw his guilty plea, which are attached as Exhibits A, B, C, and D to Defendant's Motion and as Exhibit E to Defendant's Reply, respectively.  *See id.* at 5-6; Dkt. No. 26-2 at 3-4.

"Matters of public record of which the court may take judicial notice include arraignments, arrest reports, criminal complaints and indictments, and certificates of disposition."  *Harris v. Nassau County*, No. 13-cv-4728, 2016 WL 3023265, at *3 (E.D.N.Y. May 24, 2016) (collecting cases); *see also Johnson v. Pugh*, No. 11-cv-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (noting that a court in a Section 1983 action may take judicial notice of a plaintiff's guilty plea, conviction, and sentencing in the underlying criminal case); *Livingston v. Henderson*, No. 15-cv-631, 2019 WL 1427689, at *5 & n.8 (N.D.N.Y. Mar. 29, 2019) (taking judicial notice of "Certificate of Conviction/Disposition" in connection with plaintiff's underlying state criminal convictions).  However, while "[j]udicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions," *see Schenk v. Citibank/Citigroup/Citicorp,* No. 10-cv-5056, 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010), a court may not take judicial notice of a document filed in another court "for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted).

Accordingly, the Court finds it proper to take judicial notice of public records related to Plaintiff's underlying arrest, prosecution, and conviction.  The Court also finds it proper to take

judicial notice of Plaintiff's testimony in *Oudekerk I* to establish the existence of such testimony, but not to establish its truth.

### ii. False Arrest and Imprisonment Claim[2]

When analyzing constitutional claims of false arrest under Section 1983, courts generally look to the law of the state where the arrest occurred. *See Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). "Under New York state law, to prevail on a claim of false arrest, a plaintiff must show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (N.Y. 1975)). In the context of an arrest, a confinement is privileged if it is based on probable cause. *See id.* at 135. "A police officer has probable cause to arrest when he has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017) (quoting *Jackson v. City of N.Y.*, 939 F. Supp. 2d 235, 249 (E.D.N.Y. 2013) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996))).

As relevant here, a subsequent conviction generally bars a false arrest claim under Section 1983 because false arrest claims by their very nature challenge the validity of the arrest. *See Moore v. City of Syracuse*, 711 F. Supp. 3d 143, 146-47 (N.D.N.Y. 2024) (citations omitted); *see also Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir. 1986) ("Where the civil rights plaintiff has been

---

[2] "False arrest and false imprisonment are largely synonymous because an imprisonment starts at the moment of arrest." *Jenkins v. City of N.Y.*, 478 F.3d 76, 88 n.10 (2d Cir. 2007) (quoting 59 N.Y. Jur.2d False Imprisonment § 1). "False arrest is simply false imprisonment accomplished by means of an unlawful arrest." *Id.*; *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (characterizing false arrest as a "species" of false imprisonment).

7

convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest."). Here, Plaintiff was arrested and charged with, among other things, criminal contempt for violating an order of protection; Plaintiff subsequently pled guilty to that crime; and his conviction has not been overturned. *See* Dkt. No. 22-2 at 1 (noting Plaintiff's charge of criminal contempt in the first degree due to violating the order of protection); Dkt. No. 22-4 (noting Plaintiff pled guilty to one count criminal contempt in the second degree); Dkt. No. 26-1 at 7, 15-16 (denying Plaintiff's motion to withdraw his plea of guilty because Plaintiff knowingly waived his right to appeal his conviction when he entered into his plea agreement). While Plaintiff pled guilty to criminal contempt in the second degree in satisfaction of all the criminal charges for which he was arrested, "a false arrest claim is barred even where the civil rights plaintiff pl[ed] guilty to a lesser charge pursuant to a plea agreement that dismissed the charges for which plaintiff was arrested." *Burris v. Nassau Cnty. Dist. Att'y*, No. 14-cv-5540, 2017 WL 9485714, at *6 (E.D.N.Y. Jan. 12, 2017) (internal quotations and citations omitted), *report and recommendation adopted*, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017).

Accordingly, Plaintiff's subsequent conviction bars his Fourth Amendment claim for false arrest as a matter of law. For these reasons, the Court grants Defendant's Motion.

### B.  Plaintiff's Cross-Motion

Finally, the Court considers Plaintiff's Cross-Motion for default judgment. "As the term 'default judgment' suggests, a prerequisite for obtaining such a judgment is that the non-movant

be in default." *Francis v. Major World Car Dealership*, No. 19-cv-189, 2019 WL 4686505, at *2 (E.D.N.Y. Sept. 26, 2019) (citing Fed. R. Civ. P. 55(a)).

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The first step is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* (quoting Fed. R. Civ. P. 55(a)); *see also* N.D.N.Y. L.R. 55.1 (setting forth affidavit requirements). Entry of a default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis*, 645 F.3d at 128. The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011).

Here, Plaintiff has not complied with the procedural requirements necessary to obtain a default judgment, as Plaintiff has failed to seek an entry of default pursuant to Rule 55(a). *See Thompson v. N.Y. State Corr. & Cmty. Supervision*, No. 22-cv-6307, 2022 WL 4562318, at *15 (W.D.N.Y. Sept. 29, 2022) (denying *pro se* plaintiff's motion for default judgment as procedurally improper because no entry of default occurred, and no functionally equivalent notation existed in the record). Plaintiff "may not obtain a default judgment unless and until the Clerk of Court has entered the default." *Dekom v. N.Y.*, No. 12-cv-1318, 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013) (citations omitted). Moreover, "timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default." *Id.* (internal brackets, quotations, and citation omitted). Whether Defendant's motion to dismiss addressed every argument purportedly raised

by Plaintiff in his Complaint is irrelevant. Therefore, a default judgment is unwarranted here because Defendant timely filed a motion to dismiss addressing Plaintiff's remaining claim.

Accordingly, the Court denies Plaintiff's Cross-Motion.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's cross-motion for default judgment, Dkt. No. 25, is **DENIED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 17, 2025
Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge